UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSA HALL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3490 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Marsa Hall is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He filed a petition for a writ of habeas corpus.

Hall pled guilty to two counts of burglary of a habitation and one count of aggravated sexual assault in the 10th Judicial District Court of Galveston County, Texas, and received concurrent sentences of 50 years imprisonment on one of the burglary charges, and life imprisonment on the other two charges. Hall's petition contends that he was denied due process by the forfeiture of 60 days of accrued good time credit without a hearing. He does not challenge his conviction or sentence.

I.  Background

Hall's petition concerns forfeiture of accumulated time credits. He does not challenge his conviction or sentence. Therefore, a detailed discussion of the facts of his crime and trial is not necessary.

On July 16, 2009, a state lawsuit Hall filed against several TDCJ employees was dismissed as frivolous. That dismissal was affirmed on appeal. *Hall v. Bell*, No. 10-09-00245-CV, 2009 WL 3766370 (Tex. App. – Waco, Nov. 10, 2009, pet. dism'd). On June 27, 2011, a federal lawsuit Hall filed against several TDCJ employees was dismissed as frivolous. *Hall v.*

*Hoke*, No. H-10-4765 (S.D. Tex. June 27, 2011), *aff'd* 471 Fed.Appx. 269 (5th Cir.), *cert. denied*, 133 S.Ct. 614 (2012). On July 30, 2012, TDCJ's Classification and Records Office received notice from the Office of General Counsel that Hall had two lawsuits dismissed as frivolous and, on August 1, 2012, adjusted his good time to reflect a forfeiture of 60 days. Respondent's Exh. C.

Hall challenged the loss of good time credits through the TDCJ time credit dispute resolution system. On February 26, 2013, he was advised that the loss was due to his being sanctioned by the United States District Court for frivolous filings pursuant to section 498.0045(b)(1) of the Texas Government Code.[1]

Hall filed a state habeas corpus application. The trial court found that the information used by the Records and Classification Office was accurate and recommended that relief be denied. SH-02 at 56-57.[2] The Court of Criminal Appeals denied the claim without written order on the findings of the trial court. SH-02 at cover. On November 12, 2013, Hall filed this federal habeas corpus petition.

II.  Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). In this case, petitioner is not challenging his convictions. Rather, he is challenging his forfeiture of good time credit. Therefore, under 28 U.S.C. § 2244(d)(1)(D), the

---

[1] As Hall correctly points out, the United States District Court did not impose any sanction on him. The loss of time credit was pursuant to Texas law and resulted from the court's dismissal as frivolous of Hall's federal lawsuit. *See* TEX. GOV'T CODE § 498.0045(b).

[2] "SH" refers to the transcript of Hall's state habeas corpus proceedings.

limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

TDCJ recorded Hall's forfeiture of good time credit on August 1, 2012. Hall previously received notice that Texas state law requires forfeiture of good time credit as a sanction for the dismissal of any lawsuit as frivolous or malicious if the prisoner has any such prior dismissals. *See Hall v. Hoke*, No. 4:10-cv-4765 (S.D. Tex. Jan. 25, 2011) (Order Regarding Motion to Proceed *In Forma Pauperis* – Docket Entry No. 6, at 5).

Hall knew that he had a prior dismissal as frivolous, *see* Memorandum of Law In Support of Petition at Exhibit A, and, with the order granting his motion for leave to proceed *in forma pauperis*, was specifically put on notice that any future such dismissal would, under Texas law, require forfeiture of good time credit. Therefore, when his federal lawsuit was dismissed as legally frivolous on June 27, 2011, *see*, *id.*, at Docket Entry No. 15, Hall knew that his credit would be forfeited. That forfeiture was officially recorded on August 1, 2012, thus beginning the limitations period.

Hall contends that he did not receive notice of the revocation from TDCJ until March 20, 2013. Even if this claim is true, however, the statute provides that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence.*" 28 U.S.C. § 2244(d)(1)(D)(emphasis added). Because Hall was informed that Texas law required forfeiture upon dismissal of a lawsuit as frivolous, he could have discovered the forfeiture on August 1, 2012, or very shortly thereafter, with the exercise of due diligence. He makes no showing that he made any effort to ascertain when the forfeiture became official, despite being on notice that forfeiture was required by state law.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." Hall's challenge through TDCJ's time credit dispute resolution system tolled the limitations period for 15 days, from February 12 to February 26, 2013. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). His state petition tolled limitations for another 82 days, from July 20, 2013 to October 9, 2013. Hall's limitations period was thus tolled for 97 days, extending the deadline for filing his federal petition from August 1 to November 6, 2013. Hall placed his petition in the prison mail system on November 12, 2013, six days after time expired. Therefore, his petition is time-barred.

III. Conclusion

For the foregoing reasons, Hall's petition is barred by the statute of limitations. His petition must be dismissed with prejudice for the reasons stated in this opinion.

IV. Certificate of Appealability

Hall has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the

conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Hall's petition. The Court finds that reasonable jurists would not find it debatable that the petition is foreclosed by the statute of limitations. This Court concludes that Hall is not entitled to a certificate of appealability.

V. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent William Stephens' motion for summary judgment (Dkt. No. 8) is GRANTED;

2. Petitioner Marsa Hall's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED;

3. Petitioner Marsa Hall's cross-motion for summary judgment (Dkt. No. 10) is DENIED; and

4. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 23rd day of October, 2014.

Kenneth M. Hoyt
United States District Judge